CARROLL, Judge.
The Florida East Coast Railway sued the City of Miami, its finance director and the sheriff of Metropolitan Dade County, seeking to enjoin enforcement of a delinquent tax warrant. On final hearing injunction was denied and the complaint dismissed, and the railway company appealed.
On November 1, 1963, the City of Miami billed the Florida East Coast Railway Company for tangible personal property tax in the amount of $55,917.01 for the year 1963. In response thereto the company forwarded to the tax collector of the City of Miami a *534 draft for $20,363.18 on November 30, 1963. The railway company was involved in litigation in Leon County at that time, contesting the basis of valuation of its property for such taxation for certain prior years. The partial payment submitted was that which the company estimated was payable on what it considered a proper valuation basis for the tax, as it had done for the prior years for which it was contesting .the validity of assessment.
The city did not reject the partial payment or return the draft when it was received. It was disclosed that the city customarily accepted checks in payment of taxes, and that where payment made by a taxpayer was for less than the amount due it was not the custom of the tax collector to return the insufficient payment but to accept it and apply it on the amount owed. In this instance the draft or check received from the railway company was retained by the city without being cashed or presented to the drawee for payment, and was referred by the collector to the city’s law department for opinion. No further action was taken thereon by the city until August 2, 1965, on which date the draft was returned to the company by the city with a letter stating the full amount due was $55,917.01 and requesting that a “new check” be drawn and submitted for that amount. The company then complied and paid the full sum of $55,917.01 on August 13, 1965. On that same day the city caused a tax warrant to be issued against the company for the 1963 tax of $55,917.01 (which as stated above the company paid on that date). In addition the warrant included penalty interest (at the rate of 1% per month on the entire amount of the tax for the interval from April 1, 1964, when the 1963 tax became delinquent, to and including the month of August of 1965) amounting to $9,950.89, plus a $5.00 sheriff’s fee. As disclosed on behalf of the company, the penalty interest on the amount of the 1963 tax over and above the part for which the company submitted payment in November of 1963 would be $5,827.08. Thus the question presented by this litigation was whether the delinquency penalty interest to which the city became entitled should be computed on the full amount of the 1963 taxes for the period involved, or whether the payment by the company (by check or “draft”) of $20,~ 363.18 of the tax when it became due in. November of 1963 and the retention thereof by the city until August of 1965, should’ operate to equitably estop the city from collecting penalty interest for 1963 on that portion of the tax.
In our view the chancellor committed error in refusing to enjoin enforcement of the tax warrant to the extent it. represented penalty tax on the said amount of $20,363.18 of the 1963 tax. Under the-facts and circumstances of this case the city was estopped to collect penalty interest on the amount timely paid by the taxpayer to the city. See Fla.Jur., Estoppel and Waiver, § 42 entitled “Silence or Inaction,. Generally; Standing By,” § 44 entitled “Acquiescence or Consent,” and § 46 entitled “Acceptance of Benefits.” The principles of equitable estoppel announced there-may in a proper case be invoked against a municipality where equity and justice-require their application, and when to do so-will not embarrass the municipality in its capacity as a governing body or operate to> prevent it from exercising its police power,', or impede its proper conduct of public affairs. Fla.Jur., ibid, § 84. Texas Co. v.. Town of Miami Springs, Fla.1950, 44 So.. 2d 808; City of Fort Lauderdale v. Lauderdale Industrial Sites, Inc., Fla.App. 1957, 97 So.2d 47; Sakolsky v. City of Coral Gables, Fla. 1963, 151 So.2d 433.
The appellant railway company-malces a further contention that in computing the amount of the penalty interest for the period of delinquency, on the portion of the 1963 tax for which the company did' not submit payment at the outset, the company should not have been charged 1% for the month of August 1965, but that the penalty interest for that month should have-
*535 been prorated because payment was made ■on the 13th of that month. We affirm the holding of the chancellor rejecting that ■contention as being without merit. It should be noted, by way of analogy, that a similar practice is used by the city, in favor of taxpayers, with regard to the discounts granted when taxes, due and billed November 1, are paid promptly in November or December. In the latter instances the discount percentage is not reduced by proration based on the day of the month ■of November or December on which the tax is paid, and a taxpayer who pays on the last day of such a month is granted the full discount.
For the reasons stated, the decree appealed from is affirmed in part and reversed in part, and the cause is remanded to the circuit court for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.